Mathew K. Higbee, Esq.
California Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8350
(714) 597-6529 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff*,
TAMARA WILLIAMS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA WAREKA a/k/a TAMARA WILLIAMS,<br><br>*Plaintiff*,<br><br>v.<br><br>THE SD MED SPA LLC and DOES 1 through 10 inclusive,<br><br>*Defendants*. | Case No. **'25CV3804 GPC DDL**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Tamara Wareka p/k/a Tamara Williams, through her undersigned counsel, brings this Complaint against Defendants, The SD Med Spa LLC and DOES 1 through 10, inclusive, and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

### PARTIES

2. Plaintiff Tamara Wareka p/k/a Tamara Williams ("Williams") is an individual and professional photographer.

3. Upon information and belief, Defendant The SD Med Spa LLC ("SD Med Spa") is a limited liability company organized and existing under the laws of

1

the state of California with a principal place of business at 2990 Jamacha Road, Unit 194, El Cajon, California 92019.

4. The true names and capacities of Defendants Does 1 through 10, inclusive, are presently unknown to Plaintiff, and for that reason, sues them by such fictitious names. Plaintiff is informed and believes that each of the fictitiously-named defendants is responsible in some capacity for the occurrences herein alleged, and on that basis, believes damages as herein alleged were proximately caused by the conduct of Does 1 through 10, inclusive. Plaintiff will seek to amend this complaint when the true names and capacities of Does 1 through 10, inclusive, are ascertained.

5. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of Defendant named in this caption.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338(a) (copyrights).

7. This court has personal jurisdiction over Defendant because Defendant has a physical presence in the State of California and/or Defendant transacts business in the State of California.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and/or § 1400(a) in that this is the judicial district in which substantial part of the acts and omissions giving rise to the claim occurred, and/or this civil action arises under the Copyright Act of the United States, and Defendant or its agents reside in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Tamara Williams*

9. Plaintiff Williams is a highly successful freelance photographer specializing in beauty and fashion photography. Williams is most well-known for

2

her natural and clean model portraiture featured on her highly popular Instagram account @tamarawilliams, which has amassed over 570,000 followers.

10. Plaintiff Williams licenses her work for a fee.

11. Plaintiff Williams' portfolio includes international clients, and her work has been featured in top publications such as *Vogue, Harper's Bazaar, Marie Claire, Elle, L'Officiel, Glamour, Cosmopolitan, Maxim*, and many more. Additionally, her work has been used commercially by brands such as *NARS, KKW, Fenty*, and *Benefit*.

12. Plaintiff Williams' livelihood depends on receiving compensation for the photographs she produces, and the value of the work she produces is devalued when others copy and profit from her work without her permission.

13. The copyright protection afforded to Plaintiff Williams' work is intended to deter would-be infringers from the unauthorized copying and profiting from Plaintiff Williams' work.

14. Plaintiff Williams is the sole author and exclusive rights-holder to two facial portrait photographs of female models: one photograph of model Hayley Bui ("Bui Photograph") and one photograph of model Millie Loggie ("Loggie Photograph") (collectively, the "Williams Photographs").

15. Each of the Williams Photographs highlights the model's facial features, including the model's lips nose.

16. Attached hereto as Exhibit A are true and correct copies of the Williams Photographs.

17. Plaintiff Williams registered the Williams Photographs with the United States Copyright Office. The Bui Photograph was registered under Registration Number VA 2-259-542 with the file name IMG_8567_HayleyBui_05312021 and an Effective Date of Registration of July 13, 2021. The Loggie Photograph was registered under Registration Number VA 2-197-150 with the file name AU219252 Millie Loggie and an Effective Date of Registration of February 5, 2020.

18. Attached hereto as Exhibit B is a true and correct copy of Registration No. VA 2-259-542.

19. Attached hereto as Exhibit C is a true and correct copy of Registration No. VA 2-197-150.

### *Defendant SD Med Spa*

20. Upon information and belief, Defendant SD Med Spa owns, operates, controls, and manages the website found at https://www.thesdmedspa.com/ ("SD Med Spa Website").

21. According to the SD Med Spa Website, Defendant SD Med Spa is a medical spa providing rejuvenating treatments such as hydrafacials; Botox; fillers; microneedling; and IV therapy.

22. The SD Med Spa Website provides information and pricing about Defendant SD Med Spa's services and specials.

23. Defendant SD Med Spa maintains an Instagram page under the handle @thesdmedspa which can be found at https://www.instagram.com/thesdmedspa/ ("SD Med Spa Instagram Page").

24. The SD Med Spa Instagram Page contains an active hyperlink ("Instagram Hyperlink") which the viewer can access to navigate to another webpage ("SD Med Spa Access Page").

25. Attached hereto as Exhibit D is a true and correct screenshots of the SD Med Spa Instagram Page, including the access location of the Instagram Hyperlink.

26. The SD Med Spa Access Page contains embedded hyperlinks which the viewer can access to navigate to the SD Med Spa Website or to book appointments for various services.

27. Attached hereto as Exhibit E is a true and correct screenshot of the SD Med Spa Access Page, including the access locations of the embedded hyperlinks.

28. Defendant SD Med Spa maintains a Facebook page at https://www.facebook.com/thesdmedspa ("SD Med Spa Facebook Page").

29. The SD Med Spa Facebook Page contains an active hyperlink ("Facebook Hyperlink") which the viewer can access to navigate to the SD Med Spa Access Page (*see* Exhibit E).

30. Attached hereto as Exhibit F is a true and correct screenshot of the SD Med Spa Facebook Page, including the access location of the Facebook Hyperlink.

31. Collectively, the SD Med Spa Instagram Page and SD Med Spa Facebook Page will be referred to as the "SD Med Spa Social Media Pages."

32. Collectively, the Instagram Hyperlink and the Facebook Hyperlink will be referred to as the "SD Med Spa Social Media Hyperlinks."

33. Collectively, the SD Med Spa Website and the SD Social Media Pages will be referred to as the "SD Med Spa Business Platforms."

34. Upon information and belief, Defendant SD Med Spa generates content on the SD Med Spa Social Media Pages for commercial purposes, specifically to attract user traffic to the SD Med Spa Website through the SD Med Spa Social Media Hyperlinks; to market, promote, and sell Defendant SD Med Spa's services; and to increase Defendant SD Med Spa's customer base and revenue.

35. At all relevant times, Defendant SD Med Spa (including its employees, agents, contractors or others over whom it has responsibility and control) had the ability to supervise and control all content on the SD Med Spa Business Platforms.

36. At all relevant times, Defendant SD Med Spa had a direct financial interest in the content and activities of the SD Social Media Pages (including the activities alleged in this Complaint).

37. At all relevant times, the SD Med Spa Business Platforms were readily accessible to the general public throughout California, the United States, and the world.

***Defendant SD Med Spa's Willful, Unauthorized Use
of the Williams Photographs***

38. On or about January 4, 2025, Plaintiff Williams discovered a cropped version of the Bui Photograph ("Cropped Bui Photograph") being used on the SD

5

Med Spa Instagram Page in a post, dated August 31, 2024, that featured the model's nose and with text stating "NOSE *FLARE* $65, Take a look at our offers this September! Start the fall season with some prime self care. DM us with any questions or concerns" ("Bui Instagram Post").

39. Attached hereto as Exhibit G is a true and correct screenshot of the Cropped Bui Photograph as used on the SD Med Spa Instagram Page in the Bui Instagram Post.

40. On or about January 4, 2025, Plaintiff Williams discovered a cropped version of the Loggie Photograph ("Cropped Loggie Photograph") being used on the SD Med Spa Instagram Page in a post, dated August 31, 2024, that featured the model's lips and with text stating "LIP *FILLER* $600, Take a look at our offers this September! Start the fall season with some prime self care. DM us with any questions or concerns" ("Loggie Instagram Post").

41. Attached hereto as Exhibit H is a true and correct screenshot of the Cropped Loggie Photograph as used on the SD Med Spa Instagram Page in the Loggie Instagram Post.

42. Collectively, the Cropped Bui Photograph and the Cropped Loggie Photograph will be referred to as the "Cropped Williams Photographs."

43. In no event did Plaintiff Williams grant Defendant SD Med Spa permission or authorization to crop the Williams Photographs.

44. In no event did Plaintiff Williams grant Defendant SD Med Spa a license, permission, or authorization to use, make a copy of, or publicly display the Williams Photographs or the Cropped Williams Photographs on the SD Med Spa Instagram Page or in any other manner.

45. After discovering the unauthorized use of the Cropped Williams Photographs on the SD Med Spa Instagram Page, Plaintiff Williams, through counsel, sent cease and desist correspondence with a demand for lost licensing fees to Defendant SD Med Spa.

46. Defendant SD Med Spa removed the Cropped Williams Photographs from the SD Med Spa Instagram Page and responded in writing, through its attorney, that it never used the Williams Photographs, the Williams Photographs never appeared on the SD Med Spa Instagram page, and the purported images of the SD Med Spa Instagram Page appear to have been altered.

47. The parties were unable to resolve the matter.

48. On or about December 23, 2025, Plaintiff Williams discovered the Cropped Bui Photograph being used on the SD Med Spa Facebook Page in a post, dated August 31, 2024, that featured the model's nose and with text stating "NOSE *FLARE* $65" ("Bui Facebook Post").

49. Attached hereto as Exhibit I is a true and correct screenshot of the Cropped Bui Photograph as used on the SD Med Spa Facebook Page in the Bui Facebook Post.

50. On or about December 23, 2025, Plaintiff Williams the Cropped Loggie Photograph being used on the SD Med Spa Facebook Page in a post, dated August 31, 2024, that featured the model's lips and with text stating "LIP *FILLER* $600" ("Loggie Facebook Post").

51. Attached hereto as Exhibit J is a true and correct screenshot of the Cropped Loggie Photograph as used on the SD Med Spa Facebook Page in the Loggie Facebook Post

52. Collectively, the Bui Instagram Post, Loggie Instagram Post, Bui Facebook Post, and Loggie Facebook Post will be referred to as the "SD Med Spa Social Media Posts."

53. Upon information and belief, Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) created an unauthorized copy of the Williams Photographs, cropped the Williams Photographs, and caused the Cropped Williams Photographs to be uploaded to and displayed on the SD Med Spa Social Media Pages.

54. Upon information and belief, the purpose of the use of the Cropped Williams Photographs on the SD Med Spa Social Media Pages was to couple high-quality visual content, via professionally produced beauty photographs, with textual content to create an aesthetic, visually inviting marketing presentation of Defendant SD Med Spa's services and to support Defendant SD Med Spa's marketing goals to entice viewers to browse through the SD Med Spa Social Media Pages and ultimately navigate to the SD Med Spa Website, via the SD Med Spa Social Media Hyperlinks and embedded hyperlink on the Med Spa Access Page, to seek further information about, and book an appointment for, services which would generate revenue for Defendant SD Med Spa.

55. Upon information and belief, the purpose of the use of the Cropped Williams Photographs in the SD Med Spa Social Media Posts was to couple high-quality, professionally-produced, and professionally-edited beauty photographs with textual content to assist the SD Med Spa Social Media Pages' viewer in visualizing the beauty look that could be achieved through Defendant SD Med Spa's cosmetic lip plumping and other services; to promote and encourage sales of the Lip Filler and other services; and to bolster credibility and lend integrity to SD Med Spa's reputation as a provider of lip plumping and other cosmetic services.

56. Upon information and belief, Defendant SD Med Spa (including its employees, agents, contractors or others over whom it has responsibility and control) used, displayed, published, and otherwise held out to the public Williams' original and unique Williams Photographs for commercial purposes and to acquire a direct financial benefit from use of the Williams Photographs. Specifically, Defendant SD Med Spa intended for the Cropped Williams Photographs to act as a draw to the SD Social Media Pages where the user would ultimately use the SD Social Media Hyperlinks to navigate to the SD Med Spa Website and purchase services from SD Med Spa which would generate revenue for Defendant SD Med Spa.

57. Plaintiff Williams is informed and believes and thereon alleges that Defendant willfully infringed upon her rights in the Williams Photographs because,

*inter alia,* Defendant knew it was not the rightful owner of the Williams Photographs, and Defendant knew, or should have known, that it did not have a legitimate license, permission, or authorization to use the Williams Photographs on the SD Social Media Pages.

58. Defendants' conduct is also willful because Defendants removed the Williams Photographs from the SD Instagram Page and argued that Defendants never used the Williams Photographs on the SD Med Spa Instagram Page.

59. Defendant's conduct is also willful because Defendant failed to remove all instances of use of the Williams Photographs after being notified that use on the SD Med Spa Instagram Page was not authorized and continued to use the Williams Photographs on the SD Med Spa Facebook Page.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101 *et seq.***

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. Plaintiff owns valid copyrights in the Williams Photographs.

62. Plaintiff registered the Williams Photographs with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

63. Defendant (including its employees, agents, contractors or others over whom it has responsibility and control) copied and displayed Plaintiff's unique and original Williams Photographs without Plaintiff's consent or authorization in violation of 17 U.S.C. § 501.

64. Defendant willfully infringed upon Plaintiff's rights in her copyrighted Williams Photographs in violation of Title 17 of the U.S. Code.

65. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits attributable to the infringement, pursuant to 17 U.S.C. §504(b), or at Plaintiff's election, statutory damages, including willful infringement, in an amount up to $150,000.00 for each infringement, pursuant to 17 U.S.C. § 504(c).

66. As a result of Defendant's violations of Title 17 of the U.S. Code, the Court in its discretion may allow the recovery of full costs from Defendant as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

67. Plaintiff is also entitled to injunctive relief to prevent or restrain continued infringement of her copyrights in the Williams Photographs pursuant to 17 U.S.C. § 502.

## DEMAND FOR JURY TRIAL

68. Plaintiff Williams, hereby demands a trial by jury in the above matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Williams Photograph by copying and displaying them without a license or consent;
- For an award of actual damages and disgorgement of all of profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);
- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;
- For an injunction preventing Defendant from further infringement of the Williams Photographs pursuant to 17 U.S.C. § 502;
- For pre judgment and post judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

| | | |
|---|---|---|
| 1 | Dated: December 29, 2025 | Respectfully submitted, |
| 2 | | **/s/ Mathew K. Higbee** |
| | | Mathew K. Higbee, Esq. |
| 3 | | California Bar No. 241380 |
| | | **HIGBEE & ASSOCIATES** |
| 4 | | 3110 W. Cheyenne, Suite 200 |
| 5 | | North Las Vegas, NV 89032 |
| | | (714) 617-8350 |
| 6 | | (714) 597-6559 facsimile |
| | | mhigbee@higbee.law |
| 7 | | *Attorney for Plaintiff* |