UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA WAREKA a/k/a TAMARA WILLIAMS,<br>Plaintiff,<br>v.<br>THE SD MED SPA LLC and DOES 1 through 10 inclusive,<br>Defendants. | Case No.: 3:25-cv-03804-GPC-DDL<br>**ORDER GRANTING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br>**[ECF No. 13]** |

Before the Court is Plaintiff's motion to enforce the settlement agreement. ECF No. 13. No opposition was filed by Defendant. Based on the reasoning below, the Court GRANTS Defendants' motion to enforce settlement.

**BACKGROUND**

On December 29, 2025, Plaintiff Tamara Wareka ("Plaintiff") filed a complaint against Defendant The SD Med Spa LLC ("Defendant"), alleging copyright infringement under 17 U.S.C. § 101 *et seq*. ECF No. 1. On January 29, 2026, the clerk of the court filed an entry of default. ECF No. 7. On February 10, 2026, the parties filed a joint motion to set aside default, which the Court granted. ECF Nos. 7, 8.

On March 4, 2026, the parties filed a notice of settlement. ECF No. 9. On March 28, 2026, the parties entered into their written settlement agreement. ECF No. 13 at 4-5. The settlement agreement included the following terms:

- Defendant will pay Plaintiff $10,000.00 in four equal payments of $2,500.00 each on or before March 25, 2026; April 24, 2026; May 25, 2026; and June 24, 2026, *see id.*, Exhibit A ¶ 3;
- Payment shall be made via credit card or ACH withdrawals, and Defendant will provide Plaintiff's counsel with the credit card or banking information so Plaintiff's counsel can initiate the payments, *see id.*, Exhibit A ¶ 4; and
- Within five (5) business days of the Effective Date of the Settlement Agreement, Plaintiff will file a Joint Notice of Voluntary Dismissal Without Prejudice of the SDCA Action pursuant to Fed. R. Civ. P. 41 with the United States District Court for the Southern District of California with a request that the Court retain jurisdiction over the SDCA Action for the purposes of enforcing the terms of the Agreement, *see id.*, Exhibit A ¶ 6.

On March 30, 2026, the parties filed a joint motion to dismiss pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). ECF No. 11. The parties stipulated that Plaintiff would voluntarily dismiss the action as to Defendant, but the effectiveness of the stipulation of dismissal was conditioned upon the Court's entry of an order retaining jurisdiction of this matter until June 10, 2026 to enforce the terms of the parties' settlement agreement. *Id.* at 2. That same day, the Court granted the joint motion to dismiss and retained jurisdiction over the matter until June 10, 2026 to enforce the terms of the settlement agreement. ECF No. 12.

While Defendant had provided Plaintiff's counsel with credit card information, the first $2,500 payment was declined twice on March 30, 2026. ECF No. 13 at 6. Plaintiff's counsel immediately notified Defendant's counsel that the card declined twice and

demanded that Defendant provide H&A with an alternate method of payment. *Id*. Two days later, Defendant's counsel provided banking information for Defendant's Wells Fargo account, but the payment would not go through because the routing number was invalid. *Id*.

Defendant's counsel then provided revised bank account information. *Id*. Plaintiff's counsel ran the electronic payment on April 2, 2026, however it was rejected by Wells Fargo a week later on April 9, 2026. *Id*. Plaintiff's counsel demanded that Defendant overnight H&A a certified check or money order by the close of business on April 10, 2026. *Id*. at 7. Defendant advised him that the money had not been drafted out of the bank account, and there was no sign of an attempted ACH payment. *Id*. On April 14, 2026, Defendant's counsel provided Plaintiff's counsel with a screenshot from Defendant's Wells Fargo banking application with information differing from previous information provided. *Id*. On April 14, 2026, Plaintiff's counsel ran the payment, and on April 17, 2026, it was rejected for a third time. *Id*. Plaintiff's counsel attempted to run it a fourth time on April 17, 2026, and it was rejected on April 22, 2026. *Id*.

On May 15, 2026, Plaintiff filed this instant motion to enforce the settlement agreement. ECF No. 13. Defendant did not file an opposition.

**DISCUSSION**

A district court has the inherent power to summarily enforce, by way of motion, a settlement agreement entered into while the litigation is pending before it. *In re City of Equities Anaheim, Ltd*., 22 F.3d 954, 957 (9th Cir. 1994); *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). "To be enforced, a settlement agreement must meet two requirements. First, it must be a complete agreement meaning "the parties have reached agreement on all material terms." *Callie*, 829 F.2d at 891. Second, both parties "must have either agreed to the terms of the settlement or authorized their respective counsel to

settle the dispute." *Marks-Forman v. Reporter Pub. Co.*, 12 F. Supp. 2d 1089, 1092 (S.D. Cal. 1998) (internal citations omitted).

Here, the parties agreed to and entered into their written settlement agreement on March 28, 2026. According to the settlement agreement, Defendant agreed to pay Plaintiff a total of $10,000 by June 24, 2026. Defendant, however, has not paid Plaintiff in accordance with the settlement agreement. Thus, the Court GRANTS Plaintiff's motion.

**CONCLUSION**

Accordingly, the Court GRANTS Plaintiff's motion to enforce the settlement agreement. The Court enters judgement in the amount of $10,000 against Defendant. The Court VACATES the hearing set for August 7, 2026.

**IT IS SO ORDERED.**

Dated: July 28, 2026

Hon. Gonzalo P. Curiel
United States District Judge